UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD P. HOBBS,

                    Plaintiff,

        -against-

DEPARTMENT OF TRANSPORTATION
NYC; U.S. COAST GUARD; ALLIED
UNIVERSAL SECURITY GUARDS; NYC
POLICE DEPARTMENT; JOHN DOES,

                    Defendants.

20-CV-512 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, is currently residing in a Manhattan homeless shelter. He filed

this complaint regarding events occurring at the Staten Island Ferry Terminal. By order dated

February 3, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis*. For the following reasons, the Court dismisses the action for failure to

state a claim, and grants Plaintiff 30 days' leave to amend his complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as defendants in this one-page complaint, which is handwritten and hard to read, are the New York City Department of Transportation (DOT), the United States Coast Guard, Allied Universal Security Guards; the New York City Police Department (NYPD); and "John Does to be identified through deposition." Plaintiff alleges that at the ferry terminal, "guards and police officers have used color of law to violate [his] rights," and that they "threat[en him] with prejudice."

> When I arrive at the terminal they say "I'm homeless" and try to force me to use ferry sooner than I need to. They specifically enforce against me while [illegible]

they allow others to steal or do things they need "permits" for but do not allow me to do the same.

Getting around in a wheelchair is hard. They violate the ADA as individuals and their policies accomplish the same. They create color of law but use the laws to mistreat individuals they do not like for prejudicial reasons.

(ECF 1:20-CV-512, 2.)

Plaintiff further alleges that three years ago, "they threatened to arrest me because I was campaigning for Trump." *Id.* Plaintiff does not request any specific relief.

## DISCUSSION

### A.      Americans With Disabilities Act (ADA)

In his complaint, Plaintiff asserts that he is wheelchair-bound, and that Defendants violated his rights under the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. To state a claim under this statute, a plaintiff must allege that:

(1) he is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability. *Id.*

*McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir.2004)). A "defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified disabled individual 'to have access to and take a meaningful part in public services.'"

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

The statute further states that

> [i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.

42 U.S.C. § 12182(b)(1)(A)(ii); *see also Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008).

Even based on a liberal reading of Plaintiff's allegations, the complaint does not state a claim under the ADA. Although Plaintiff identifies himself as disabled, he does not allege facts suggesting that he was the victim of disability discrimination while he was in the Staten Island Ferry Terminal, and he does not explain what any particular defendant did or failed to do that led to a violation of Plaintiff's rights under the ADA. Plaintiff's claims under the ADA are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.SC. § 1915(e)(2)(B)(ii).

**B.     Section 1983**

The complaint could also be construed as alleging constitutional violations under 42 U.S.C. § 1983. Under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A § 1983 plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

Moreover, where a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted).

### 1.      Allied Universal Security Guard

"Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). The Supreme Court has left open the question of when, or whether, a private individual is subject to constitutional tort liability

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

based upon state-sanctioned authority to perform police-type functions. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 163 n.14 (1978). Private action may be deemed governmental when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights, *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); where the state compels the act or controls the private actor, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); or when the state delegates a public function to a private entity, *West v. Atkins*, 487 U.S. 42, 55-56 (1988); *Manhattan Cmty. Access Corp. v. Halleck*, No. 17-1702, 2019 WL 2493920, at *4 (U.S. June 17, 2019) ("[T]he government must have traditionally and exclusively performed the function."). The purpose of the state action requirement "is to assure that constitutional standards are invoked only when it can be said that the [government] is responsible for the specific conduct of which the plaintiff complains." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003) (citations omitted).

Generally, private security guards are not state actors under § 1983. *See Bishop v. Toys "R" Us–NY LLC*, 414 F. Supp. 2d 385 (S.D.N.Y. 2006); *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37–38 (E.D.N.Y. 2004) (collecting cases). "[T]he plaintiff must allege that the state was involved with the activity that caused the injury giving rise to the action." *P.P. v. City of New York*, No. 13-CV-5049 (CM), 2014 WL 4704800, at *14 (S.D.N.Y. Sept. 19, 2014).

Plaintiff does not allege facts suggesting that the security guard was a state actor or explaining how the security guard violated Plaintiff's constitutional rights.

### 2. The DOT, the NYPD, and New York City

Plaintiff's claims against the New York City Department of Transportation and the New York City Police Department must be dismissed because agencies of the City of New York are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of

New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

It may be Plaintiff's intention to sue the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiffs' complaint does not contain any facts suggesting that a municipal policy, custom, or practice led to the violation of his federally protected rights.

## C.     Federal Tort Claims Act

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment.[2] 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

---

[2] The FTCA does not waive the sovereign immunity of the United States for constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) ("Congress has not waived the government' s sovereign immunity, for example, under the Federal Tort Claims Act. . . from lawsuits based on constitutional claims." ).

Here, there is no indication that Plaintiff has exhausted his administrative remedies under the FTCA.[3] Therefore, to the extent that Plaintiff seeks to assert FTCA claims against the Coast Guard, the Court must dismiss Plaintiff's claims as barred by the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## LITIGATION HISTORY AND WARNING

Plaintiff is an experienced litigator, having previously filed complaints alleging claims under § 1983 and the ADA. *See Hobbs v. Sanitation Dep't of the City of New York,* ECF 1:17-CV-1735, 5 (S.D.N.Y. July 19, 2017) (dismissing complaint for lack of subject matter jurisdiction and for failure to state a claim); *Hobbs v. McCright Associates* ECF 1:17-CV-1284, 6 (S.D.N.Y. May 4, 2017) (dismissing complaint without prejudice for failing to comply with court orders), *reconsid. denied* (S.D.N.Y. Nov. 27, 2018); *Hobbs v. Emas Properties, Inc.*, ECF 1:17-CV-0948, 6 (S.D.N.Y. July 9, 2017) (dismissing complaint for failure to state a claim), *recons. denied* (S.D.N.Y. May 3, 2019); *Hobbs v. Bay Park Ctr. for Nursing and Rehabilitation*, ECF 1:15-CV-4679, 12 (S.D.N.Y. Aug. 29, 2016) (dismissing complaint on immunity grounds, and as frivolous and for failure to state a claim); *Hobbs v. N.Y.C. Police Officers*, ECF 1:10-CV-5717, 160 (S.D.N.Y. Apr. 3, 2017) (dismissing case under stipulated settlement); *Hobbs v. Dep't of Law*, ECF 7:09-CV-3114, 23 (S.D.N.Y. Nov. 6, 2009) (dismissing case under stipulated settlement); *Hobbs v. New Rochelle Neighborhood Revitalization Corp.*, No. 02-CV-7386 (S.D.N.Y. Sept. 13, 2002) (dismissing complaint for failure to state a claim).

---

[3] Plaintiff makes no allegations against the Coast Guard, and thus his complaint does not suggest that he can state an FTCA claim. Moreover, Plaintiff does not provide dates for when the underlying events occurred, and thus it is not clear that Plaintiff can file either an administrative claim, or a complaint in this Court. The dismissal of Plaintiff's FTCA claim is without prejudice to any timely and exhausted FTCA claims Plaintiff could file in this Court.

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware of the elements of an ADA claim and a § 1983 claim when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

On January 17, 2020, the same day that Plaintiff filed this complaint, he filed three other *pro se* complaints. *See Hobbs v. Lasco*, ECF 1:20-CV-511, 2; *Hobbs v. Evans*, ECF 1:20-CV-514, 2; *Hobbs v. Livingston*, ECF 1:20-CV-515, 2. Plaintiff is warned that if he abuses the privilege of proceeding IFP in this Court, he will be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new IFP cases without prior permission.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim and on immunity grounds. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

In an abundance of caution, Plaintiff is granted thirty days' leave to file an amended complaint that addresses the deficiencies discussed in this order. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-512 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file an amended complaint, the Court will enter judgment in this case, and the matter will be closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 6, 2020
           New York, New York

COLLEEN McMAHON
Chief United States District Judge